1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   EDGARDO LASTIMOZA,                    )   Case No.  CV 09-06340-RGK (JCx)
                                           )
11                Plaintiff,               )
                                           )   **PROTECTIVE ORDER**
12          v.                             )
                                           )
13   THE HERCULES TIRE & RUBBER            )   **[CHANGES MADE BY COURT]**
     CO. d/b/a TIRE DEALERS'               )
14   WAREHOUSE, a Connecticut              )
     corporation; ROBERT CARNAHAN,         )
15   an individual; TONY AVERSA, an        )
     individual; and DOES 1 through 250,   )
16   inclusive,                            )
                                           )
17                Defendants.              )

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Having read the concurrently filed stipulation of Plaintiff EDGARDO LASTIMOZA ("Plaintiff") and defendants THE HERCULES TIRE & RUBBER CO., d/b/a TIRE DEALERS' WAREHOUSE, ROBERT CARNAHAN and TONY AVERSA  (collectively "Defendants") (each hereafter a "Party," and collectively, the "Parties"), by and through their respective counsel of record, in the above-captioned litigation (the "Action"), and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1.     Any document, material, information or testimony (collectively hereinafter "Material") produced or furnished in connection with this Action by Defendants, that is reasonably believed by same to contain or constitute trade secrets or confidential or proprietary business or financial information, or personal information protected by a right of privacy, may be designated, in whole or in part, as "Confidential."  Plaintiff's personnel file will not be designated "Confidential."

2.     Any Material or portion thereof that is designated as "Confidential" in accordance with the provisions for such designation contained herein, including Paragraphs 4 and 5(a) hereof (hereinafter, "Confidential Information"), shall be deemed confidential and shall be disclosed only to "Qualified Persons" as defined herein and in accordance with the terms hereof.

3.     Any non-party that produces or furnishes Material in connection with this Action may obtain the protections provided by this Protective Order with respect to the designation of Material as "Confidential" if such non-party agrees in writing to bound by the terms of this Protective Order and that this Protective Order shall apply to Material produced by such non-party.

4.     Any Material provided or produced by Defendants reasonably believed by same to contain or constitute trade secrets or confidential or proprietary business or financial information, or personal information protected by a right of privacy, other than deposition, may be designated as "Confidential" in either of the following

2

PROTECTIVE ORDER

ways:  (i) by stamping or otherwise marking the document or other tangible material containing or embodying the Confidential Information as follows: "Confidential – Subject to Protective Order," or "Confidential"; or (ii) by a letter addressed to all counsel in the Action identifying the Material and designating such as "Confidential."

5.     (a)     Counsel for any Party or non-party who agrees in writing to be bound by the terms of this Protective Order may designate deposition testimony as "Confidential" by indicating on the record at the deposition that the testimony of the deponent is to be treated as "Confidential."  Failure of counsel to designate testimony as Confidential Information on the record at the deposition, however, shall not constitute a waiver of the confidentiality of the testimony, if such testimony is designated as Confidential Information within thirty (30) days after the receipt of the transcript of the deposition.  Within 30 days after receipt of the transcript of the deposition, counsel for a Party or non-party who agrees in writing to be bound by the terms of this Protective Order shall be entitled to designate all or a portion of the deposition transcript as Confidential Information by a letter addressed to all counsel in the Action that identifies all pages and lines of the transcript being designated as Confidential Information.

(b)     Any document that previously has been designated as "Confidential" in accordance with Paragraph 4 hereof shall be considered Confidential Information when introduced as an exhibit at a deposition without the necessity of any further designation of such document as Confidential Information.

(c)     To maintain the confidentiality of any deposition testimony or exhibits that have been designated as "Confidential" in accordance with the terms of this Protective Order, the court reporter who transcribes the deposition testimony shall mark the cover page of the deposition transcript to indicate that Confidential Information is contained therein.  The Party introducing Confidential Information bears the burden of adhering to the provisions of this Protective Order, and, as such,

3

1   shall inform the court reporter of its designation and request that the transcript be

2   marked accordingly.

3       6.     Unless otherwise expressly authorized by the provisions of this

4   Protective Order, by a written agreement of the Parties executed following the

5   effective date hereof or by Court order, any Material that is designated as

6   "Confidential" in accordance with the terms hereof may be disclosed only to the

7   following "Qualified Persons":

8           a.     The named Parties in this Action and their respective officers,

9   directors, partners, principals, employees and consultants who are assisting that

10  Party's counsel in this Action;

11          b.     Inside or outside counsel for the Parties, including members of

12  such attorneys' staff (e.g., paralegals, legal secretaries and law clerks);

13          c.     The Court and court personnel;

14          d.     Court reporters or videographers selected by the Parties;

15          e.     Any persons who authored or previously received the

16  Confidential Information; and

17          f.     Any person assigned to this Action or retained by the Parties to

18  perform alternative dispute resolution services.

19      7.     Confidential Information shall be used only in connection with the

20  prosecution or defense of this Action and shall not be otherwise disclosed except as

21  agreed to by the Parties, as required by any court, judicial tribunal, administrative

22  agency, taxing body or other governmental unit or entity, or as otherwise required

23  by law.  Information in Plaintiff's personnel file can be used in his pending workers

24  compensation claim.

25      8.     If Material that a Party or non-party who agrees to be bound by the

26  terms of this Protective Order intends to designate as Confidential Information is

27  inadvertently disclosed without being marked as Confidential Information in

28  accordance with the provisions of this Protective Order, the failure so to designate

4

PROTECTIVE ORDER

such Material shall not be deemed a waiver of its confidentiality.  If it is understood by or communicated to the person receiving the Material that confidential treatment was intended, then that Material shall be treated as Confidential Information under this Protective Order unless and until the person who disclosed that Material states that confidential treatment was not intended.  At such time as the Material is designated as Confidential Information, it shall be treated as Confidential Information in accordance with this Protective Order, and all recipients thereof who are bound by the terms of this Protective Order shall take prompt steps to assure that it is stamped or marked as "Confidential" or returned to the person who disclosed it for designation as Confidential Information.

9.      In the event that Confidential Information is, either intentionally or inadvertently, disclosed to someone not authorized to receive such Information under this Protective Order or, if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for any Party who is involved in or aware of such disclosure or breach shall immediately give written notice of such unauthorized disclosure or breach to counsel for the Party or non-party that initially produced the subject Confidential Information and/or requested the confidentiality designation, and also shall disclose the circumstances of the unauthorized disclosure or breach.

10.     If a Party contends that any Material is not entitled to be treated as Confidential Information, such Party may at any time give written notice to the Party or non-party who made the confidentiality designation.  The objecting party and the producing Party or non-party shall meet and confer in good faith to attempt to reach an agreement within fifteen (15) days after the receipt of written notice of the objection.  If no agreement is reached, the Party or non-party who made the designation shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating that information as Confidential Information.

PROTECTIVE ORDER

11.     Notwithstanding the pendency of any challenge to the designation of Material as Confidential Information, all Material so designated shall be treated as such.

12.     In the event that a Qualified Person (a) is served with a subpoena in another action, (b) is served with a demand in another action to which the Qualified Person is a Party, or (c) is served with any other legal process that seeks Confidential Information that was produced or designated as such in this Action by someone other than the Qualified Person who receives the subpoena, demand or other legal process, such Qualified Person shall, unless prohibited by law, give prompt written notice of the receipt of such subpoena, demand or other written notice to the Party or non-party who produced or designated the Material as Confidential Information, and shall object to its production.  Should the person seeking access to the Confidential Information take action to enforce the subpoena, demand or other legal process against the Qualified Person from whom the Confidential Information is sought, the Qualified Person shall, to the extent permitted by law, cooperate with the Party or non-party to this Action who produced or designated the Material as Confidential Information in resisting any efforts by such other parties to obtain such Confidential Information from the Qualified Person.  Nothing herein shall be construed as requiring the Qualified Person from whom the Confidential Information is sought, or anyone else subject to this Protective Order, to file a motion in the other action or to challenge or appeal any court order requiring production of the Confidential Information, or to subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

13.     The provisions of this Protective Order may be modified at any time by stipulation of the Parties.  However, any such modification which is not approved by the Court will not constitute and will not be enforceable as a Court order.

PROTECTIVE ORDER

14.     Within 30 days of the final determination of this Action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any person who is in possession of physical or electronic copies of documents that have been designated as Confidential Information, other than the Court and Court personnel, shall return such copies to the person who produced them or the person's counsel, or shall destroy them, except that this paragraph shall not apply to work product of counsel or to counsels' copies of pleadings, briefs or declarations (excluding Confidential exhibits) that have been lodged or filed with the Court. Written confirmation of such return or destruction shall be forwarded to the person producing such Confidential Information or that person's counsel.

15.     This Protective Order shall survive the final conclusion of this Action and shall continue in full force and effect.


IT IS SO ORDERED.

Dated:  June 30, 2010                                          /s/
                                                    HON. JACQUELINE CHOOLJIAN
                                                    UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER